CLERKS COPY

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF NEW MEXICO AT ALBUQUERQUE NM

JUN - 2 1999

ALPHONSO DWANE FRAZIER, SR.,

ROBERT M. MARCH
CLERK

Plaintiff,

v.                                                 No. CIV-99-0375 M /JHG

LEA COUNTY, LEA COUNTY COURTHOUSE,
WACKENHUT INC. LEA COUNTY CORRECTIONAL
FACILITY, CORRECTIONAL MEDICAL SERVICES,
MR. TRAVIS ADMIN., JOE WILLIAMS (WARDEN),

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). This incarcerated Plaintiff is proceeding pro se and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted and the initial partial payment toward the filing fee will be waived. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(e)(2) if the Court is "satisfied that the action is frivolous or malicious." The Court may also dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that Plaintiff's complaint must be



liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that the state district court in Lea County, New Mexico, has denied Plaintiff leave to file a complaint without paying the required filing fee. The action Plaintiff wishes to pursue in the state court is for alleged denial of medical treatment at his correctional facility. He seeks damages and an order requiring the Lea County court to permit him to file in forma pauperis.

Plaintiff's request for injunctive relief against the state court is barred, first, by the provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from intervening in ongoing state court proceedings except in very limited circumstances. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623 (1977). By the express terms of § 2283, this Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." And although Plaintiff does not specifically request a stay of proceeding, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), *quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973).

> Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court.

*Vendo*, 433 U.S. at 630. Plaintiff's complaint invokes none of the statutory exceptions and is therefore barred.

Second, to the extent Plaintiff seeks an order overruling the state court's denial of IFP status, adjudication of his complaint would require impermissible review of a state court proceeding. "A

2

United States District Court has no authority to review final judgments of a state court in judicial proceedings. Such review resides exclusively in the United States Supreme Court." *Razatos v. Colorado Supreme Court*, 746 F.2d 1429, 1432 (10th Cir. 1984) (citing 28 U.S.C. § 1257); *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986). "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [state right], then the District Court is in essence being called upon to review the state court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983), *quoted in Razatos*, 746 F.2d at 1432. Insofar as Plaintiff's claims attack the processes and judgment of a state district court, his remedy may only be pursued in the state appellate courts and the United States Supreme Court. *Anderson*, 793 F.2d at 263. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. §1915 (Doc. #2) filed March 31, 1999, is GRANTED, and the initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims are DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE